**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | |
|---|---|
| THELMA WILLIAMS, JR.<br>ADC #93197 | **PLAINTIFF** |
| V.          5:10CV00274 SWW/JTR | |
| SMITH, Treatment Officer,<br>Arkansas Department of Correction, et al. | **DEFENDANTS** |

## ORDER OF DISMISSAL

Plaintiff, Thelma Williams, Jr., who is a prisoner in the Varner Super Max Unit of the Arkansas Department of Correction, has filed two Applications to Proceed *In Forma Pauperis*, several *pro se* § 1983 Complaints, and a Motion for Default Judgment. *See* docket entries #1, #2, #3, #5, #10, #14, #15, #17, and #19. The Court will address each matter separately.

### I.  Applications to Proceed *In Forma Pauperis*

**A.      Three Strikes Provision**

The Prison Litigation Reform Act contains a three-strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

The Court's records demonstrate that Plaintiff has previously filed at least three cases that

were dismissed for failing to state a claim upon which relief may be granted. *See Williams v. Gibson,* 5:07CV00178 WRW (dismissed on Aug. 13, 2007, and dismissal affirmed on appeal on Feb. 13, 2008); *Williams v. Bennett*; 5:07CV00179 JMM (dismissed on Aug. 17, 2007, and dismissal affirmed on appeal on Feb. 13, 2008); *Williams v. Smallwood*; 5:07CV00181 JMM (dismissed on September 13, 2007, and dismissal affirmed on appeal on December 8, 2008). Accordingly, the Court concludes that Plaintiff has accumulated three strikes, as defined by § 1915(g), prior to commencing this action on February 26, 2010.[1]

**B.     Imminent Danger Exception to the Three Strikes Rule**

Even though Plaintiff is a three striker, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule that is set forth in § 1915(g). *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.) The Eighth Circuit also has been reluctant to apply the imminent danger exception unless the alleged ongoing danger exposes the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies

---

[1] Additionally, Plaintiff has previously had at least five cases dismissed, pursuant to the three-strikes rule. *See Williams v. Edward*, 2:08CV00188 JLH; *Williams v. Sims*, 2:08CV00196 WRW; *Williams v. Cathell*; 4:09CV00039 JMM; *Williams v. Ferricher*, 5:09CV00005 JMM; *Williams v. Mears;* 4:10CV00140 JHL.

despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048,1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

In his Complaint and Amended Complaint, Plaintiff claims that Defendants: (1) denied him access to the law library; (32 refused to provide him with legal envelopes; (3) failed to deliver unspecified "legal mail;" (4) hit him on the hand with a "police bar," on September 7, 2010; and (5) issued him a false disciplinary, on September 8, 2010, in retaliation for Plaintiff filing grievances. None of these allegations place Plaintiff in imminent danger of serious physical injury. *See* docket entries #1 and #3. Thus, Plaintiff is not entitled to proceed *in forma pauperis* on any of these claims.

Finally, Plaintiff alleges that Defendants failed to provide him with adequate medical care for the *unspecified* injuries he sustained when he was allegedly hit on the hand on September 7, 2010. *Id.* However, Plaintiff's pleadings did not provide enough information to determine whether this claim satisfied the imminent danger exception to the three-strikes rule.

Accordingly, on September 28, 2010, the Court entered an Order directing Plaintiff to file a Second Amended Complaint that:

> (1) describes in detail the injury to his hand and how he received that injury; (2) sets forth all medical care he has received to date for that injury; (3) explains how the injury to his hand is currently placing him in imminent danger of serious physical injury; and (4) describes how each of the named Defendants is responsible for the alleged lack of medical care for Plaintiff's hand.

*See* docket entry #11.

In Plaintiff's Second Amended Complaint and Brief in Support, he makes the conclusory and unsupported allegations that Defendants Lieutenant Denmery, Sergeant Steven Jackson, Officer M. Harris, Nurse Stratton, Nurse Buie, and Nurse Synder denied his requests for medical treatment

for the injury to his hand. *See* docket entries #13 and #15. However, despite the clear instructions set forth in the Court's September 28, 2010 Order, Plaintiff did not describe the alleged injury to his hand.

Further, in his Second Amended Complaint, Plaintiff concedes that an unnamed nurse came to his cell and examined his hand on September 10, 2010, which was three days after it was allegedly injured. *Id.* Plaintiff also states that on September 17, 2010, Nurse Norton, who is not a named Defendant, examined his hand, gave him 4 or 5 unspecified pills, and put him on the list to see the doctor. *Id.*

Although he has been given the opportunity to do so, Plaintiff has failed to allege *any facts* suggesting that the still unspecified injury to his hand is currently placing him in imminent danger of serious physical injury. To the contrary, it appears that he is receiving medical treatment for the unspecified injury to his hand. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (providing that negligence, gross negligence, and a disagreement the course of medical care are insufficient to state a constitutional violation); *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995) (same).

For these reasons, the Court concludes that Plaintiff has failed to satisfy the imminent danger exception to the three-strikes rule. Thus, his Applications to Proceed *In Forma Pauperis* are denied.

## II. Motion for Default Judgment

On October 13, 2010, Plaintiff filed a Motion alleging that he his entitled to default judgment because Defendants have not filed an Answer to his Complaint. *See* docket entry #19. A default judgment is appropriate when a defendant fails, without sufficient cause, to file an answer or

responsive pleading within 21 days of service of the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A) and 55. The Court has not yet ordered service upon the Defendants. Thus, this Motion is clearly without merit.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Applications to Proceed *In Forma Pauperis* (docket entries #14 and #17) are DENIED.

2. This case is DISMISSED, WITHOUT PREJUDICE, pursuant to the three-strikes rule set forth in 28 U.S.C. § 1915(g).

3. Plaintiff's Motion for a Default Judgment (docket entry #19) is DENIED.

4. If Plaintiff wishes to proceed with this case, he must, **within thirty days of the entry** of this Order of Dismissal: (a) pay the statutory filing fee of $350, in full, noting the above case style and number; and (b) file a Motion to Reopen the case.

5. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 4th day of November, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE